## COMM'RS OF DAVIS CO. V. COMM'RS OF RILEY CO.

FEES IN CRIMINAL CASES; *Change of Venue; Liability of Counties; Statute of Limitations.* A criminal action pending in Riley county, for a crime alleged to have been committed there, was taken on change of venue to Davis county, and there tried by a jury. More than three years thereafter Davis county paid the jury fees, and then presented a claim therefor to Riley county for repayment; *held,* that said jury fees were paid in violation of section 47 of the act relating to counties and county officers, and that Davis county cannot recover the amount thereof from Riley county.

*Error from Riley District Court.*

MANDAMUS, brought by the board of commissioners of *Davis County* to compel the board of commissioners of *Riley County* to act upon an account or claim of $256.10, alleged to be due to *Davis* county for fees and costs paid in criminal cases, but for which *Riley* county was ultimately liable. The case was heard in November 1871, and the district judge held.

and decided that the plaintiff was not entitled to the relief demanded, and refused the application for a peremptory writ of mandamus, and gave judgment against the plaintiff for costs. The commissioners of *Davis County* bring the case here by petition in error.

*McClure & Humphrey,* for plaintiff in error:

The facts in this case are essentially the same as those involved in the case of *Comm'rs of Shawnee Co. v. Comm'rs of Wabaunsee Co.,* 4 Kas., 312; and if the second and third defenses in the answer in this case present no defense, the rule laid down there will govern this. The second defense is the plea of the statute of limitations. Sec. 47, page 264, Gen. Stat., provides substantially that an account may be allowed by the county board if presented within two years after the same accrues. The account presented in this case is shown to have accrued in favor of Davis county and against Riley county in April 1870, when Davis county paid the debt; and it was presented in July 1871. Angell on Limitations, § 42, page 34, 4th ed. The third plea contained in the answer is, a former adjudication of the same matter. It is not claimed nor shown that Davis county ever presented the claim to the commissioners of Riley county previous to July 1871. It is stated and admitted that a duly certified fee-bill containing the items of charges for per diem and mileage of jurors was before that time presented to the Riley county commissioners by the clerk of the district court of Davis county, and that portion of said fee-bill for per diem and mileage of jurors disallowed. This however was an *ex parte* proceeding. The individual jurors had nothing to do with, nor were they privy to, the presentation of the bill. The fee-bill was audited, certified, and presented by the clerk in accordance with the provisions of §§ 324 and 325, p. 283, Comp. Laws. Under these sections we suggest that the order of disallowance was evidence only that in the opinion of the county board the claim for compensation of jurors was not a legal charge against Riley county. It could hardly be construed to be a denial

that the services had been rendered, nor that the charges as to amounts were correct; and it could be construed to operate at most only in the nature of a nonsuit.

*Geo. S. Green*, for defendant in error:

The account claimed by Davis county was barred by the statute of limitations; § 47, p. 264, Gen. Stat. The jurors' fees were due upon rendering the services; § 34, p. 485, Gen. Stat.; and accrued against the county liable for the costs. It is shown in this case that the jurors were summoned at the March Term of court in Davis county in 1867; that the relator did not pay the account until April 1870, over three years after the account had accrued. The payment, by a third party, of a claim once barred by the statute will not revive it. The legislature itself cannot revive demands once barred by the statute. 4 Cooley's Const. Lim., 365. If it had been necessary that the relator should pay the account before it could be recovered from the respondent, the account should have been presented and paid within two years after the account had accrued, and presented for payment to the board of county commissioners of Riley county within one year after such disability had been removed: § 47, p. 264, Gen. Stat. The account was paid by Davis county in April 1870, and presented for payment to the commissioners of Riley county in July 1871.

The opinion of the court was delivered by

VALENTINE, J.: In 1867 there was a criminal action for murder in the first degree pending in Riley county. The action was commenced in that county, and the offense was charged to have been committed there. The action was taken on change of venue from Riley county to Davis county. At the March Term 1867 of the district court of Davis county said action was tried before a jury composed of residents of Davis county. On the 6th of April 1870 the board of county commissioners of Davis county allowed and paid the bill for the services of said jurors. On the 10th of July, 1871, said

board presented the bill for said jurors' fees to the board of county commissioners of Riley county, and claimed payment thereof. The board of county commissioners of Riley county however refused to pay said bill, or to act upon it, or even to take any official notice of it. This action (which is a proceeding in mandamus,) was brought in the district court in September, 1871, for the purpose of compelling the county commissioners of Riley county to act upon said claim. The judgment of the court below was against Davis county and in favor of Riley county. Davis county now seeks a reversal of that judgment by petition in error in this court.

Conceding, for the purposes of the case, that every question except the one hereinafter mentioned must be decided in favor of Davis county, and still we think that the decision of that one question will require a decision of this case against Davis county. That question is, whether this action is barred by a certain statute of limitations. Or perhaps more properly speaking the question is, whether the claim itself upon which this action is founded was not barred before any cause of action ever accrued thereon against Riley county, and in favor of Davis county. The said statute reads as follows:

"SEC. 47. No account against the county shall be allowed unless presented within two years after the same accrued; *Provided,* That if any person having a claim against a county be, at the time the same accrues, under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed." (Gen. Stat., 264.)

This statute goes back to the very foundation upon which this action is founded. It does not merely stop with limiting an action on the claim, but it goes further back and limits the claim itself; or rather, it limits the time within which the claim must be presented for allowance. It not only bars an action on the claim after two years have elapsed from the time it accrued, but it bars the claim itself. We suppose it will be conceded that if Riley county was primarily and originally bound to pay said jurors, that the claim was barred long before it was presented to the commissioners of Riley county

for allowance and payment. But it is claimed by Davis county that Riley county was not primarily and originally bound to pay said claim. It is contended that Davis county was primarily and originally liable to the jurors, and that Riley county was liable over to Davis county. It is contended that the liability of Riley was at most only contingent, until after Davis county paid said jurors' fees, and that then for the first time the liability of Riley county became complete. And therefore it is claimed that no claim accrued, and no statute of limitations commenced to run until Davis county paid said jurors' fees. Now, conceding all the foregoing as correct, except the running of the statute, and is said claim barred? We think it is. When Davis county paid this claim it was barred by this statute. At that time Davis county was not bound to pay it. At that time it was not a valid or existing claim against any county in the state, and the holders thereof had no cause of action against any county. In fact, no county in the state could pay it at that time without violating the express provisions of said statute. It would therefore hardly seem possible that Davis county, not being liable herself, could, in direct violation of this statute, by paying said claim at the time she paid it, create a valid claim, a valid cause of action, in favor of herself and against Riley county, without the consent and against the will of Riley county. To state that Davis county could do such a thing, to state that she could, by violating the law herself, create a valid claim, or valid cause of action, in her own favor, would be enunciating a proposition at variance with all the best-settled rules of law upon the subject. Parties who violate the law are not favored by the courts in that manner. And further, statutes of limitation are not now regarded with disfavor. On the contrary, they are now everywhere considered favorably as statutes of repose. *Bowman v. Cockrill*, 6 Kas., 342, and cases there cited. The judgment of the court below is affirmed.

All the Justices concurring.